CLARA KOPP v. BALTIMORE & OHIO SOUTHWESTERN RY. CO.

STEAM RAILROAD NOT RELIEVED FROM OPERATING GATES AT GRADE CROSSINGS BY SEC. 3443-6 REV. STAT.

Section 3443-6 Rev. Stat., requiring a street railway company to cause its cars to come to a full stop and have some person in its employ go ahead and ascertain if the way is clear and free from danger before taking a car over a steam railway crossing at grade, was enacted as an additional protection to street car passengers, and does not relieve the steam railway company of the duty of operating its gates at such crossings in such manner as to indicate to persons in charge of an approaching street car whether or not the crossing is clear and free from danger. The duties imposed upon both companies are concurrent in point of time, and a failure of either to perform in this respect will render it liable for the consequences of such negligence.

ERROR to court of common pleas of Hamilton county.

**Theodore Horstman,** for plaintiff in error:

Where the concurrent or successive negligence of two persons combined together result in an injury to a third person, he may recover of either or both for the damages resulting therefrom, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury. 6 Am. & Eng. Enc. Law (2 ed.) 433, 434; Herr v. Lebanon (City), 149 Pa. St. 222 [24 Atl. Rep. 207; 16 L. R. A. 106; 34 Am. St. Rep. 603]; 21 Am. & Eng. Enc. Law (2 ed.) 495, 496, 497; 1 Thompson, Negligence Secs. 75, 76.

The fact that the statute in Ohio prescribes that the conduct of the motorman and conductor in a case at bar was negligence, does not alter the principle. It only furnishes evidence that certain acts or omissions shall constitute negligence. 3 Thompson, Negligence Sec. 2779; Transfer Co. v. Kelly, 36 Ohio St. 86; Cleveland, C. C. & I. Ry. Co. v. Schneider, 45 Ohio St. 678 [17 N. E. Rep. 321]; Cincinnati St. Ry. Co. v. Murray, 53 Ohio St. 570, 573 [42 N. E. Rep. 596; 30 L. R. A. 508]; Toledo Consol. St. Ry. Co. v. Fuller, 9 Circ. Dec. 123 (17 R. 562); Kinkeath, Instructions & Entries Secs. 396, 397, 400 and notes; West Chicago St. Ry. Co. v. Piper, 165 Ill. 325 [46 N. E. Rep. 186]; West Chicago St. Ry. Co. v. Kennedy-Cahill, 165 Ill. 496 [46 N. E. Rep. 368]; Taylor v. Railway Co. 137 Mo. 363 [39 S. W. Rep. 88; 1 Am. Neg. Rep. 469]; Pugh v. Railway Co. 19 Ky. Law 149 [39 S. W. Rep. 695; 2 Am. Neg. Rep. 159]; Barrett v. Railway Co. 45 N. Y. 628; Goorin v. Traction Co. 179 Pa. St. 327 [36 Atl. Rep. 207]; Chicago, R. I. & P. Ry. Co. v. Martin, 59 Kan. 437 [53 Pac. Rep. 461; 4 Am. Neg. Rep. 266]; Tompkins v. Rail-

way Co. 66 Cal. 163 [4 Pac. Rep. 1165] ; Chicago, R. I. & P. Ry. Co. v. Durand, 12 Am. Neg. Rep. 29 (Kan.) ; Springfield Consol. Ry. Co. v. Puntenney, 200 Ill. 9 [65 N. E. Rep. 442 ; 13 Am. Neg. Rep. 25] ; Matson v. Maupin, 75 Ala. 312 [1 Am. Neg. Cas. 1] ; McDonald v. Railway Co. 47 La. Ann. 1440 [17 So. Rep. 873 ; 1 Am. Neg. Cas. 627].

A. W. Goldsmith, for defendant in error.

GIFFEN, J.

Counsel for defendant in error assumes that Sec. 3443-6 Rev. Stat., providing that before a street car shall cross over a railroad track at grade, some employe of the company shall go ahead and ascertain if the way is clear, relieves the steam railroad company of the duty of so operating its gates as to indicate to the person operating the street car whether the track is clear. There is nothing in the statute that warrants such conclusion, and, having been enacted for the protection of the passengers, there can arise no implication that the legislature intended to expose them to danger by releasing the railroad company from the duty of exercising ordinary care. On the contrary it was evidently intended to furnish an additional safeguard to the passengers who have no control over the management of the street car.

At the very time that it became the duty of the railroad company to lower its gates to indicate the approach of a train, it was also the duty of the street railway company by its employe to go ahead and see if the way was clear. The failure of each of the companies to perform such duty, concurred one with the other in causing the accident. There was no appreciable difference in the time when the failure to perform the duty by the respective companies occurred. The two ran together, and were the direct cause of the collision.

In the case of Cincinnati St. Ry. Co. v. Murray, 53 Ohio St. 570 [42 N. E. Rep. 596 ; 30 L. R. A. 508], both the street railway company and the steam railroad company were held liable upon a state of facts similar to that in the case before us ; except in that case the railroad company was operating its train of cars in a negligent manner.

It may be said of that case that notwithstanding the gates were up, and notwithstanding the employe of the street railway company failed to go ahead to see if the way was clear, still the collision would probably not have occurred had the employes of the railroad company operating the train given some signal of the approaching train, and that the failure to do so was the direct cause of the accident, and therefore the street railway company was not liable. But the court evidently considered the three

causes, although distinct and independent, as concurring to cause the collision.

We think, therefore, that the common pleas court erred in arresting the case from the jury, and the judgment will be reversed.